UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DERRICK LLOYD (#120757)

VERSUS                                              CIVIL ACTION

TERRY TERRELL, ET AL                                NUMBER 09-133-FJP-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, March 12, 2009.

                                 STEPHEN C. RIEDLINGER
                                 UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DERRICK LLOYD (#120757)

VERSUS                                              CIVIL ACTION

TERRY TERRELL, ET AL                                NUMBER 09-133-FJP-SCR

MAGISTRATE JUDGE'S REPORT

Petitioner Derrick Lloyd was convicted and sentenced in St. John the Baptist Parish, Louisiana. While confined in Allen Correctional Center, Kinder, Louisiana, located in the Western District of Louisiana, the petitioner filed this petition seeking habeas corpus relief.

Petitioner pled guilty to one count armed robbery in the Fortieth Judicial Court for the Parish of St. John the Baptist in 1997. Petitioner was sentenced to a 25 year term of imprisonment at hard labor in the custody of the Louisiana Department of Public Safety and Corrections. Petitioner's guilty plea was subsequently set aside. On May 27, 2001, he pled guilty again and was sentenced to a 20 year term of imprisonment at hard labor in the custody of the Louisiana Department of Public Safety and Corrections.

In 1988 the petitioner had been convicted of illegal use of a weapon. In 1995, LSA-R.S. 14:2(13) was amended to include illegal use of a weapon was as a crime of violence; it was not so listed in 1988. Petitioner argued that at the time he was convicted of armed

robbery in 1997, offenders convicted of a second offense crime of violence as defined in LSA-R.S. 14:2(13) were prohibited by LSA-R.S. 15:571.3D from earning diminution of sentence.  Petitioner argued that he was classified as a second offender of a crime of violence and was denied the opportunity to earn good time credits pursuant to R.S. 15:571.3.  Petitioner argued that applying the change in law to him amounts to the application of an unconstitutional ex post facto law.

Based upon the allegations, it is clear that the petitioner is not attacking either his 2001 conviction (or the original 1997 conviction) or the sentence imposed.  Instead, the petitioner is challenging the execution of his sentence by prison personnel.  As such, the petitioner's complaint should be properly considered as a habeas corpus application under 28 U.S.C. § 2241.  *See, Jeffers v. Chandler*, 253 F.3d 827 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876 (5th Cir. 2000).

Section 2241 "specifies the court in which the petition must be brought."  *Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991).  For prisoners like Lloyd, confined pursuant to a judgment and sentence by a state court in a state with more than one federal judicial district, § 2241 sets forth the district courts in which the petitioner may file his habeas corpus petition.

Specifically, § 2241(d) provides that the petition may be filed in the district court for the district wherein such person is

2

in custody or in the district court for the district within which the State court was held which convicted and sentenced him, and each of such district courts shall have concurrent jurisdiction.

At the time this petition was filed, Lloyd was confined in Allen Correctional Center, located within the Western District of Louisiana. Section 2241(d) permitted him to file his habeas corpus petition in the Western District. Lloyd's state court conviction and sentencing took place in St. John the Baptist Parish, which is located in the Eastern District of Louisiana. Therefore, § 2241(d) also permitted him to file his habeas application in that district.

Section 2241(d) expressly provides for district court jurisdiction when the state court imposing the conviction and sentence is located within that federal judicial district. Petitioner was neither convicted nor sentenced in the Nineteenth Judicial District Court, located in East Baton Rouge Parish, which is in the Middle District of Louisiana. The limited judicial review of a denial of a prison administrative grievance by the Nineteenth Judicial District Court cannot be the basis for jurisdiction under § 2241(d).

This court does not have jurisdiction to consider the petitioner's claim because the petitioner was not convicted in this district nor is he incarcerated in this district.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the

petitioner's habeas corpus application pursuant to 28 U.S.C. § 2241 be dismissed without prejudice, for lack of subject matter jurisdiction.

Baton Rouge, Louisiana, March 12, 2009.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE